## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

PAMELA ROSS,                              )
                                         )
      Plaintiff;                       )
                                         )
vs.                                       )          Case No. CIV-16-756-C
                                         )
NORTHROP GRUMMAN SYSTEMS      )
CORPORATION                               )          **JURY TRIAL DEMANDED**
                                         )
      Defendant.                       )          **ATTORNEY LIEN CLAIMED**

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

## PARTIES

1.    The Plaintiff is Pamela Ross, an adult female resident of Canadian County, Oklahoma.

2.    The Defendant is Northrop Grumman Systems Corporation, a for profit corporation doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.    Plaintiff asserts claims for sex/gender discrimination, harassment, hostile work environment, retaliation, and failure to promote in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq* ("Title VII"), and The Equal Pay Act of 1963. Plaintiff also brings a state law cause of action for a gender discrimination in violation of the Oklahoma Anti-Discrimination Act, *see* 25 O.S. §1101 *et seq.*

4.    Jurisdiction over the federal claims are vested pursuant to 42 U.S.C. § 2000e-5(f), 42 U.S.C. §12117(a), 29 U.S.C. 206(d) and 28 U.S.C. § 1331.   The state law claims

1

arise out of the same core of facts and jurisdiction over those claims is provided by 28 U.S.C. § 1367(b).

5.      All of the actions complained of occurred in Oklahoma County, Oklahoma, which is located within the Western District of Oklahoma wherefore venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

## CONDITIONS PRECEDENT

6.      Plaintiff has exhausted her administrative remedies under federal and state law.

7.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 5, 2015.   Plaintiff was issued a notice of right to sue dated April 6, 2016, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice.

8.      Plaintiff timely filed a second charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 21, 2016. Although Plaintiff has yet to receive a right to sue letter for this charge, she intends to timely amend her pleading upon receipt.

## STATEMENT OF FACTS

9.      Plaintiff was employed by the Defendant from approximately March 1, 2004 until May 26, 2016.

10.     Plaintiff was qualified for her job and performed her job duties satisfactorily.

11.     Throughout Plaintiff's employment, she received satisfactory reviews and merit increases.

12.     During the summer of 2014, Plaintiff received a sexual harassment complaint from

2

female employees regarding one of her male subordinates.

13. Plaintiff immediately reported this complaint up the chain of command pursuant to company policy.

14. In response to reporting the sexual harassment complaint, Plaintiff was retaliated against. Examples of such include, but are not limited to, the following:

   A. Plaintiff was specifically advised that she needed to "stop reporting this"

   B. Plaintiff was removed from the investigatory and disciplinary process regarding her subordinate employee.

   C. Plaintiff was disciplined for allegedly "mishandling" the situation despite having followed the proper procedures.

15. Beginning around September 2014 and continuing until the end of Plaintiff's employment, Riley Goodin, Supervisor, treated Plaintiff in a discriminatory and retaliatory manner which ultimately created a hostile work environment. Examples of such conduct include but are not limited to the following:

   A. Actively interfered with Plaintiff's ability to be selected for advancement opportunities and/or promotions within the company.

   B. Refused to assign Plaintiff to certain projects which negatively impacted her ability to bill the amount of hours required for her position.

   C. Had Plaintiff disqualified from consideration for a promotion.

   D. Refused to compensate Plaintiff for overtime hours she had worked while compensating similarly situated males with monetary awards in addition to their overtime pay.

    E.      Refused to allow Plaintiff flex time while allowing similarly situated males the ability to use flex time and work different hours than the Plaintiff.

16.    Plaintiff repeatedly objected to the harassment but Defendant made no effort to correct any of the conditions creating a hostile work environment.

17.    Around the end of 2014, Plaintiff learned that she would be required to reapply for the management position she currently held.

18.    Shortly thereafter, Mr. Goodin informed Plaintiff that the other male managers were going to keep their management positions but that she would not.

19.    Around January 21, 2015, Plaintiff was interviewed for a promotion to a Software Products IPT position. Despite being the most qualified candidate for the position, Defendant selected a less experienced male employee for the position.

20.    Around January 28, 2015 Plaintiff filed complaints with Defendant's Ethics Department about Mr. Goodin's behavior and the failure to promote.

21.    In retaliation for such complaints, Goodin issued Plaintiff a negative performance evaluation on or about February 3, 2015.

22.    Plaintiff's evaluation, dated February 3, 2015, contained multiple inaccuracies and false accusations from Mr. Goodin. For example, Plaintiff was blamed for the poor performance of two other male employees, however they were not marked down for their own failures on their evaluations.

23.    As a result of the negative performance evaluation, Plaintiff was denied an annual merit increase and removed from consideration for certain advancement opportunities.

4

24.   Around February 12, 2015 Plaintiff filed additional complaints with Defendant's Ethics Department about the manner in which she was being treated by Mr. Goodin.

25.   Around March 12, 2015 Plaintiff was removed from her previous management position.

26.   Throughout 2015, Plaintiff applied for numerous positions which would have resulted in a promotion. Despite being qualified for the position(s), Defendant refused to promote Plaintiff and instead selected less experienced males to fill the position(s).

27.   Plaintiff continued to file complaints with Defendant regarding the discriminatory and retaliatory treatment she had been receiving. Despite such complaints, no corrective action was taken.

28.   Due to Defendant's failure to address Plaintiff's concerns, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") around October 5, 2015.

29.   Shortly after Defendant received notice of Plaintiff's EEOC complaint, Plaintiff was issued another negative performance evaluation containing multiple inaccuracies and false allegations.

30.   Around February 12, 2016 Plaintiff filed a complaint regarding the negative evaluation issued by Mr. Goodin.

31.   In retaliation for filing the above complaint, Plaintiff was placed on an unjustified Performance Improvement Plan (PIP) on orabout March 7, 2016.

32.   Around March 2016, Plaintiff filed another grievance concerning Mr. Goodin's

actions. Plaintiff specifically complained that she had been placed on a performance improvement plan without justification and was being retaliated against and subjected to a hostile work environment.

33. Despite Plaintiff's complaints, no corrective action was taken and the Performance Improvement Plan remained in effect.

34. As a result of the Performance Improvement Plan, Plaintiff was required to meet with her harasser, Mr. Goodin, on a weekly basis.

35. During each of these weekly meetings, Mr. Goodin continued to speak to Plaintiff in a derogatory manner, openly acted hostile in his words and actions, and consistently changed his instructions and directives from one week to the next. Such behavior essentially made it impossible for the Plaintiff to satisfactorily complete the requirements of her Performance Improvement Plan.

36. On or about April 6, 2016 the Equal Employment Opportunity Commission (EEOC) issued Plaintiff a right to sue letter regarding Charge No. 564-2016-006.

37. Following the issuance of the right to sue letter, Plaintiff began to receive negative weekly ratings on her Performance Improvement Plan.

38. On or about May 18, 2016 Mr. Goodin informed Plaintiff that her Performance Improvement Plan that was scheduled to end on May 4,2016 was being extended for additional time.

39. On or about May 18, 2016, Goodin demoted Plaintiff from the position of Engineer 5 to Project Manager.

40. On or about May 23, 2016 Plaintiff filed another complaint with Human

Resources. Plaintiff specifically complained that Mr. Goodin had unjustly "reclassified" her to a department that was in the middle of massive lay-offs in an attempt to set her up for termination.

41.     On May 26, 2016 Plaintiff was terminated from employment as a result of the layoffs for individuals in the Project Manager position.

42.     The reasons given for termination are false and pretextual. Plaintiff was not performing the work of a project manager and had only recently been reclassified as one by Mr. Goodin in an effort to set Plaintiff up for termination. Furthermore, the assignment that Plaintiff had been working on had been fully funded through the end of the year.

43.     Motivating factors in the decisions to demote the Plaintiff and thereafter fail to promote her to positions for which she was qualified and ultimately terminate her employment, were due to Plaintiff's gender and complaints of gender discrimination in violation of Title VII and state law, with another significant factor being retaliation for her protected activity in refusing such treatment and filing complaints in response to receiving such unlawful treatment.   At the least, these factors were part of a group of mixed motives for such decision such that Plaintiff is entitled to protection under the mixed motive doctrine.

44.     As the direct result of actions taken by Defendant and its agents, Plaintiff has suffered and continues to suffer lost wages, benefits, and emotional distress damages including stress, anxiety, worry, embarrassment, humiliation and similar unpleasant emotions.

## COUNT I

### Discrimination Based Upon Gender/Sex, in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and the Oklahoma Anti-Discrimination Act, 25 O.S. §1302

45. Plaintiff reasserts and incorporates by reference paragraphs 1-44 as set forth above as if fully restated herein.

46. Defendant's actions in repeatedly subjecting Plaintiff to harassment, discrimination and retaliation as described above, constitutes discrimination based upon gender/sex, in violation of Title VII and the OADA.

47. These actions also created a hostile work environment, in clear violation of Title VII and the OADA.

48. Defendant's willful and malicious misconduct as described above, in harassing and/or allowing Plaintiff to be harassed based upon her sex/gender are in violation of Title VII and the OADA.

49. Plaintiff's gender was a motivating factor in Defendant's adverse employment-related actions described above, including without limitation: the creation of a hostile work environment, continued harassment and disparate treatment, and ultimately her failed promotion attempts. Defendant violated Plaintiff's civil rights by taking such adverse actions.

50. As a result of Defendant's illegal conduct, Plaintiff has suffered losses, injury, and damages, as set above.

51. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a

prevailing plaintiff under Title VII and the OADA, including, without limitation: back pay, front pay, liquidated damages, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

52. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k) to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II

### Retaliation for Protected EEOC Activity in Violation of 42 U.S.C. §2000e-3(a) and the Oklahoma Anti-Discrimination Act, 25 O.S. §1101 et seq. and 42 U.S.C. §12101 et seq.

53. Plaintiff reasserts and incorporates by reference paragraphs 1-44 as set forth above as if fully restated herein.

54. 42 U.S.C. §2000e-3(a) makes it illegal to discriminate/retaliate against an "individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

55. 25 O.S. §1101 et seq. and 42 U.S.C. §12101 et seq. also encompasses anti-retaliation measures and prohibits such conduct.

56. Plaintiff clearly opposed the illegal harassment, discrimination and retaliation when she complained to Defendant and filed grievances on multiple occasions. She also engaged in protected activity when she filed an EEOC Charge.

57. The actions taken against Plaintiff after her opposition to Defendant's unlawful

conduct, including, but not limited to: repeated harassment, removing Plaintiff from her scheduled promotion and continuing to allow her former supervisor to harass her are all clearly retaliatory actions designed to prevent her from exercising her rights under Title VII and the OADA.

58. Defendant's conduct as described above is in clear violation of Title VII and the OADA provisions prohibiting such retaliation and discrimination.

59. As a result of Defendant's illegal conduct under Title VII, Plaintiff has suffered losses, injuries, and damages, as set forth above.

60. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under Title VII and the OADA, including, without limitation: back pay, front pay, liquidated damages, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

61. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully prayed that this Court grants to the Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Liquidated damages;

c. Punitive damages;

d. Compensatory damages;

e. Injunctive and/or declaratory relief;

10

f.   Pre-judgment and post-judgment interest at the highest lawful rate;

g.   Attorneys' fees and costs of this action, including expert witness fees, as

appropriate;

h.   That Defendant be enjoined and restrained from engaging in further

discriminatory conduct; and

i.   Any such further relief as justice allows.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma

and Federal law.

## **RESPECTFULLY SUBMITTED ON THIS 1st   DAY OF JULY, 2016.**

s/Christine C. Vizcaino
Christine C. Vizcaino, OBA #30527
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd. Suite H
Oklahoma City, OK 73134
Telephone: 405-607-4357/ 405-607-4358 (Fax)
Christine@mazaherilaw.com
*Attorneys for Plaintiff*

**Attorney's Lien Claimed**

11